UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael John Husten,<br><br>                    Plaintiff,<br><br>v.<br><br>Tom Roy, Commissioner, Minnesota<br>Department of Corrections, et al.,<br><br>                    Defendants. | **Case No. 17-cv-3366 (JNE/SER)**<br><br>**REPORT AND RECOMMENDATION** |

---

STEVEN E. RAU, United States Magistrate Judge

The matter comes before the undersigned on Plaintiff Michael John Husten's ("Husten"): Motion for Leave of the Court for Plaintiff to Amend His Operative Pleading Herein ("Motion to Amend–42") [Doc. No. 42]; First Proposed Amended Complaint ("Second Amended Complaint") [Doc. No. 42-1];[1] Motion for Leave of the Court to File a Second Proposed Amended Complaint to Join 28 Defendants in One 1983 Civil Rights Lawsuit ("Motion to Amend–43") [Doc. No. 43]; Motion for Extension of Time [Doc. No. 46]; Motion for Summary Judgment or Partial Summary Judgment ("Motion for Summary Judgment") [Doc. No. 48]; Motion for a Temporary Restraining Order [Doc. No. 49];[2] and *sua sponte* on the Court's Order Dated December 5, 2017, "Dec. 5 Order" [Doc. No. 35]. This matter was referred for the

---

[1] Husten has filed a number of pleadings with the Court under various names. In an attempt to differentiate the filings and for reasons of clarity, the Court uses the "first amended complaint" and "second amended complaint" naming convention on the basis of when a pleading was filed, despite the fact that these pleadings are not operative for reasons set forth herein.

[2] Husten titled this motion a "Petition for a Temporary Restraining Order Against Defendants of the First Proposed Amended Complaint, and Accordingly of the Second Amended Complaint (Contigent) [sic]." (Mot. for a TRO). Because Husten's title is confusing in light of the various pleadings submitted to the Court, the Court refers to it as a Motion for a Temporary Restraining Order for clarity.

resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and District of Minnesota Local Rule 72.1.

The issue this Court must address is whether Husten complied with the Court's Orders requiring him to cure the misjoinder of defendants in his Amended Complaint [Doc. No. 30-1]. *See* (Order Dated Dec. 5, 2017, "Dec. 5 Order") [Doc. No. 35]; *see also* (Order Dated Dec. 7, 2017, "Dec. 7 Order") [Doc. No. 38] (granting Husten's Motion to Amend [Doc. No. 32], but renewing its warning that failure to cure the misjoinder of defendants could result in dismissal of this lawsuit for failure to prosecute). Having reviewed Husten's Motion to Amend–42, Motion to Amend–43 (collectively, "Motions to Amend"), and Motion for Extension of Time, this Court concludes that Husten failed to cure the misjoinder of defendants in his Amended Complaint and recommends that his Motions to Amend and Motion for Extension of Time be denied.

Furthermore, because this Court concludes that Husten did not comply with the Court's Orders (requiring him to cure the misjoinder in his Amended Complaint) this case should be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See* (Dec. 5 Order); (Dec. 7 Order). In light of that recommendation, Husten's Motion for Summary Judgment and Motion for a Temporary Restraining Order need not be addressed because they are moot. *Cf. Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) ("Article III mootness arises from the Constitution's case and controversy requirement: Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." (internal quotation marks omitted)). Over and above mootness, however, this Court recommends Husten's Motion for Summary Judgment and Motion for a Temporary Restraining Order be denied for the additional reasons described.

**I.       BACKGROUND**

For a case that has no pretrial schedule, the motion practice in this case is extensive, largely fueled by Husten's repeated attempts to obtain a temporary restraining order or request leave of the Court to amend whatever pleading is operative at the time. *See* [Doc. Nos. 3, 5, 6, 14, 16, 24, 30, 32, 42, 43, 46, 49]. Many of Husten's motions to amend were denied for failure to comply with the Federal Rules of Civil Procedure or the Local Rules. *See* (Order Dated Sept. 25, 2017) [Doc. No. 18]; (Dec. 5 Order); (Order Dated Dec. 7, 2017) [Doc. No. 38]. Ultimately, the Court accepted Husten's Amended Complaint as an amended pleading under Rule 15(a)(1) of the Federal Rules of Civil Procedure (allowing a party to file an amended pleading once as a matter of course), but noted deficiencies that prevented the pleading from being viable. (Dec. 5 Order at 2–6). In other words, Husten filed his Amended Complaint as a matter of course, but the Court found the Amended Complaint to be lacking under the Federal Rules of Civil Procedure. *See* (*id.*).

In particular, the Court found that Husten's failure to comport with Rule 20 of the Federal Rules of Civil Procedure meant that his Amended Complaint could not sustain this lawsuit. *See* (*id.*). Specifically, the Court stated

> Husten's Amended Complaint includes unrelated claims against unrelated defendants. For example, several medical professionals are alleged to have been deliberately indifferent to Husten's medical needs. Other defendants—who had nothing whatsoever to do with the alleged denial of medical care—are alleged to have impeded Husten's access to the courts and his attorneys. Still other defendants are alleged to have participated in unlawful strip-searches. Yet another group of defendants is alleged to have violated Husten's right to practice his religion. These claims, in essence, amount to multiple lawsuits rolled into a single pleading.

(*Id.* at 4). The Court's Order required Husten to cure the misjoinder within thirty (30) days and further provided that failure to do so could result in dismissal. (*Id.* at 5–6).

Husten filed his Second Amended Complaint, which was attached to his Motion to Amend–42. (Second Am. Compl.). Construed liberally, he alleges claims that can be loosely grouped as follows: (1) Stephen Craane, MD ("Dr. Craane"), violated Husten's Eighth Amendment rights on the basis of Dr. Craane's medical indifference to Husten's heart disease;[3] (2) Dr. Craane violated Husten's Eighth Amendment rights when Dr. Craane denied Husten treatment for Hepatitis-C, "probable [s]kin [c]ancer," and "probable dormanted [sic] cancer cells in the plaintiff's tongue"; (3) Dr. Craane threatened him during the course of his medical care; (4) Tom Roy ("Roy") violated Husten's rights to "Equal Protection of the Law, Freedom of Religious practices" and caused Husten "great pain and suffering" stemming from his lack of control over Roy's subordinates at the Stillwater and Oak Park Heights prisons in which Husten has been incarcerated; (5) David A. Paulson, MD ("Dr. Paulson"), violated Husten's Eighth Amendment rights by denying him treatment for Hepatitis-C; (6) Kathy Reid ("Reid") violated Husten's Eighth Amendment rights by repeatedly denying Husten's request for "medical layins" from his prison job assignment "in times when [he] has not been feeling well, has had symptoms of the influenza virus, has experienced chest pains, and[/]or light heade[d]ness, etc."; and (7) Centurion Health Services Providers Incorporated ("Centurion") in collusion with Dr. Craane, Dr. Paulson, and Reid violated Husten's Eighth Amendment Rights against cruel and unusual punishment by prioritizing costs over medical services in their treatment of him, particularly as it relates to his ability to receive treatment for Hepatitis-C. (*Id.* at 3–7).

At the same time he filed his Motion to Amend–42, Husten also filed his Motion to Amend–43, Motion for Extension of Time, Motion for Summary Judgement, and Motion for a

---

[3] This includes allegations of both denial of Husten's request to consult with specific cardiologists at St. Joseph's Hospital in Saint Paul regarding preventative heart treatment including receiving a stent implant and because Dr. Craane prescribed him a heart medication that warned against use when patients were suffering from "Left Shoulder/Chest Pain" of which Husten complained. (Second Am. Compl. at 3–4).

Temporary Restraining Order. *See* (Mot. to Amend–43); (Mot. for Summ. J.); (Motion for a TRO). With respect to Husten's Motion to Amend–43, he does not provide a proposed amended complaint, but requests leave for an extension of time in which to provide one. *See* (Mot. to Amend–43); (Mot. for Extension of Time). Husten does, however, submit a declaration in support of his Motion to Amend–43 that lists twenty-eight people that he would like to include in this case—that track substantially with those identified in his Amended Complaint—such as Jane and John Does that work in the mailroom or as segregation officers. *See* (Decl. in Supp. of Mot. for Leave of the Ct. to File a Second Proposed Am. Complaint to Join 28 Defs. to the 1983 Civil Rights Lawsuit, "Husten Decl. in Supp. of Mot.–43") [Doc. No. 44 at 2]; *see also* (Am. Compl.). In support of his Motion for Summary Judgment, Husten offers a declaration that states he is "well prepared . . . to meet his burden of proof of the entire lawsuit," but provides no exhibits or other showings of the evidence he has that demonstrates his allegations. *See* (Pl.'s Decl. in Supp. of Summ. J. or Partial Summ. J., "Husten Decl. in Supp. of Summ. J.") [Doc. No. 50 at 1]. With respect to his request for a temporary restraining order, Husten asserts that one is needed because of his various medical diseases including Hepatitis-C, potential tongue cancer and suspected skin cancer. *See* (Mot. for a TRO).

Defendants[4] objected to Husten's Motion to Amend–42, Motion to Amend–43, Motion for Summary Judgment, and Motion for a Temporary Restraining Order. *See* (Consolidated Resp. to Plaintiff's Mots. of Dec. 20, 2017, "Defs.' Resp.") [Doc. No. 54]. With respect to Husten's Motion to Amend–42 and Second Amended Complaint, Defendants assert that Husten has not cured the misjoinder issues present in the Amended Complaint. (*Id.* at 4–5). Specifically, Defendants argue that claims against Dr. Craane for his alleged negligence, Roy for alleged

---

[4] For brevity, the Court does not list the twenty-eight people listed on Husten's Amended Complaint, and instead refers to them collectively as Defendants.

violations of due process rights, equal protection rights, and freedom of religion, and claims related to the care given by Centurion's healthcare professionals are distinct. (*Id.* at 4) ("These separate claims do not arise from the same transaction or occurrence or present questions of law or fact common to all."). On that basis, Defendants request that Husten's Motion to Amend–42 be denied and his case be dismissed for failure to prosecute consistent with the Court's previous orders. *See* (*id.* at 4–5). Furthermore, because Husten has described that his as-of-yet filed second proposed amendment pleading "pertains to many defendants and many incidents" Defendants argue that Husten's Motion to Amend–43 and Motion for Extension of Time should also be denied. (*Id.* at 5) (internal quotation marks omitted). Lastly, Defendants argue the unsettled nature of the operative pleading in this case and the fact this case is still in its very early stages renders Husten's Motion for Summary Judgment and Motion for a TRO premature and accordingly those motions should be denied. (*Id.* at 5–6).

## II.   DISCUSSION

Typically, Husten's Motions to Amend and Motion for Extension of Time are considered non-dispositive and could be addressed in an order from this Court. *See* LR 7.1. Nonetheless, the issues raised by Husten's Motions to Amend, Second Amended Complaint, Motion for Extension of Time, and Defendants' Response are interrelated and dispositive given the Court's prior warnings that Husten's failure to cure misjoinder could result in dismissal of this case. *See* (Dec. 5 Order at 5–6); (Dec. 7 Order at 2).

The operative question is whether Husten's Second Amended Complaint includes misjoined defendants and complies with the Court's previous Orders. The Court begins its analysis there and then discusses whether Husten's Motion to Amend–43 would cure identified deficiencies. Under this analysis, the Court recommends that that Husten's Motion to Amend–42

be denied because his Second Amended Complaint contains misjoined defendants. Furthermore, because Husten failed to demonstrate that his Motion to Amend–43 would cure the deficiencies identified in the Second Amended Complaint—and would only exacerbate the misjoinder issue—the Court recommends that his Motion to Amend–43 and Motion for Extension of Time be denied.

In addition, because Husten has not complied with the Court's Order requiring him to cure the misjoinder, the Court recommends this case be dismissed without prejudice for failure to prosecute. Furthermore, on the basis of the recommendation to dismiss the case, Husten's Motion for a Motion for a Temporary Restraining Order and Motion for Summary Judgment should also be denied.

### A. Motions to Amend/Motion for Extension of Time

#### 1. Legal Standard

"A party may amend its pleading **once** as a matter of course . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a) (emphasis added). Under Rule 15(a), a court should "freely give leave" to amend a pleading when justice so requires. *See id.* Nonetheless, leave to amend should not be given when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

#### 2. Analysis

Husten filed his Amended Complaint as a matter of course and that pleading was defective because of misjoinder issues. *See* (Dec. 5 Order at 2). The question then becomes

7

whether Husten has established that leave should be given under Rule 15(a) of the Federal Rules of Civil Procedure to allow him to amend his Amended Complaint. *See Foman*, 371 U.S. at 182. A review of the proposed amendments leads to the conclusion that Husten's Second Amended Complaint is defective again under Rule 20 of the Federal Rules of Civil Procedure and that his Motion to Amend–42 should be denied for failure to cure deficiencies in his Amended Complaint. Furthermore, nothing in Husten's Motion to Amend–43 or Motion for Extension of Time adequately addresses the misjoinder present in his Second Amended Complaint and so these motions should also be denied.

> Under Rule 20 of the Federal Rules of Civil Procedure
>
> Persons . . . may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

"[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "[A] plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Allen Wright et al., *Federal Practice & Procedure* § 1655 (3d ed. 2017).

A tension exists between Rule 20 of the Federal Rules of Civil Procedure's requirements that the relief sought arise "out of the same transaction, occurrence, or series of transactions or

occurrences" and this Court's obligation to construe *pro se* filings liberally. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (requiring courts review *pro se* filings liberally); *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014) (same); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (same); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (same). For example, while Husten does not directly provide factual connections between Defendants in his Second Amended Complaint—construed liberally—there is an arguable connection between Husten's allegations regarding the manner in which Dr. Craane treated Husten's Hepititis-C and allegations directed at Dr. Paulson and Centurion regarding treatment of the same ailment. (Second Am. Compl. at 3–7).

Even liberally construed, however, some of the Defendants named in Husten's Second Amended Complaint are unrelated to "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20. For example, Husten's allegations against Roy regarding denial of equal protection and freedom of religious rights are separate and distinct from any allegations related to medical treatment. Furthermore, Husten has not sufficiently plead a factual connection between Reid's denial of "medical layins" from Husten's prison job assignment and the other allegations against Dr. Craane, Dr. Paulson, or Centurion.

Because Husten still includes claims against defendants unrelated by a common "transaction, occurrence, or series of transactions," his Second Amended Complaint includes misjoined defendants and is defective. *See* Fed. R. Civ. P. 20; *George*, 507 F.3d at 607. As a result, his Motion to Amend—42 should be denied because of his failure to cure previous defects in his Amended Complaint. *Foman*, 371 U.S. at 182; *see also Shukh v. Seagate Tech., LLC*, 873 F. Supp. 2d 1087, 1093 (D. Minn. 2012) (Tunheim, J.) (denying leave to amend premised on failures to cure identified deficiencies).

Husten's Motion to Amend–43 and Motion for Extension of Time also do not cure the identified misjoinder for a number of reasons. First, Husten's Motion to Amend–43 does not comport with the Local Rules. Critically, he has not provided a proposed amended pleading that would allow the Court to ascertain its viability. *See* LR 15.1. "It is 'inappropriate' to grant leave to amend a complaint when the plaintiff has not submitted a proposed amendment." *Lindsey v. City of Minneapolis*, No. 15-cv-1202 (WMW/BRT), 2016 WL 3360485, at *5 (D. Minn. June 16, 2016) (Wright, J.). Notwithstanding Husten's Motion for Extension of Time, his failure to provide a proposed amended pleading is a sufficient basis to deny Husten's Motions to Amend–43; this "omission is fatal to [Husten's] motion." *Id.*

Second, in light of what little information Husten has provided related to his Motion to Amend–43 and Motion for Extension of Time, the Court concludes that Husten should not be given an extension of time to file an amended pleading because an amended pleading would not cure the identified misjoinder of Defendants here. For example, Husten's declaration submitted with his Motion to Amend–43 lists twenty-eight people that he would like to include in this case, such as Jane and John Does that work in the mailroom or as segregation officers. (Husten Decl. in Supp. of Mot.–43 at 2). Nothing suggests that anyone working in the mailroom or as a segregation officer is related to Husten's claims against various health care providers for alleged medical indifference. *See* (Second Am. Compl. at 3–7). Furthermore, Husten has provided nothing by which this Court could ascertain whether any of the other people he seeks to add could be properly joined. Namely, Husten has provided no allegations directed at the individuals identified in his declaration and failed to provide any indication of what facts support those allegations. *See generally* (Husten Decl. in Supp. of Mot.–43). That said, Husten's recitation of many of the same twenty-eight people in his declaration that also appear in his Amended

10

Complaint reinforces the conclusion that a pleading incorporating the requested changes would not cure the misjoinder issues raised. *See* (Am. Compl.); (Dec. 5 Order); (Husten Decl. in Supp. of Mot.–43 at 2). That is, because the Court already found many of the people listed in Husten's declaration to be misjoined on the basis of his Amended Complaint, it is more likely than not that those same people now enumerated in his declaration in support of his Motion to Amend–43 remain misjoined. As a result, this Court concludes that Husten's requested amendments would exacerbate, not cure, the misjoinder of putative defendants in this case and there is no basis to grant his Motion to Amemd–43 or Motion for Extension of Time to file such a pleading. *Cf. Foman*, 371 U.S. at 182; *Shukh*, 873 F. Supp. 2d at 1093.

Because the Court concludes Husten's operative pleading contains misjoined defendants, the question becomes what to do under the circumstances. As detailed in its December 5 Order, the Court has various options in this situation. *See* (Dec. 5 Order at 4–5). Previously, based on careful consideration of the available options, the Court requested that Husten file an amended pleading to cure the misjoinder. (*Id.*). As discussed throughout this Report and Recommendation, his efforts have been unsuccessful; his Second Amended Complaint includes misjoined defendants and there is nothing to suggest additional amendments that Husten seeks would cure the misjoinder. *See* (Second Am. Compl.); (Mot. to Amend–43); (Husten Decl. in Supp. of Mot.–43 at 2). The same rationale that initially influenced the Court not to sever defendants is still present. Namely, Husten must be the steward of his case. Importantly, the Prison Litigation Reform Act ("PLRA") squarely places the onus on plaintiffs in deciding which claims to bring; claims that are frivolous can result in a strike which may hamper attempts at future litigation. *See* 28 U.S.C. § 1915 (relevant portions of the PLRA, including the three-strikes provision codified at 28 U.S.C. § 1915(g)); *see also George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915 (g)).

Instead, because Husten did not comply with the Court's December 5 and December 7 Orders requiring him to cure the misjoinder, the Court believes the most prudent course of action is to recommend dismissal without prejudice to allow Husten an opportunity to rethink his litigation strategy and provide him time to file the case or cases—with properly joined defendants—that he would ultimately like to pursue. Husten's extensive motion practice to date flies in the face of Rule 1 of the Federal Rules of Civil Procedure's requirements that determinations be "just, speedy, and inexpensive." Quite simply, Husten's attempts to litigate multiple cases under one pleading has caused the progression of this case to stagnate and caused unnecessary expenditure of resources by the Court and the parties involved.

For the above reasons, his Motions to Amend and Motion for Extension of Time should be denied and the Court recommends Husten's case be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure.

### B.   Remaining Motions

Should the Court's recommendation to dismiss the case for failure to prosecute be adopted, there would not be any case or controversy before the court or relief to be granted on the basis of Husten's allegations. As a result, his Motion for Summary Judgment and Motion for a Temporary Restraining Order should both be denied as moot. *Cf. Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (stating mootness occurs when "the parties lack a legally cognizable interest in the outcome" in the case (internal quotation marks omitted)); *Ali*, 419 F.3d at 723 ("Article III mootness arises from the Constitution's case and controversy requirement: Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." (internal quotation marks omitted)).

Even if Husten's case is not dismissed for failure to prosecute, his Motion for Summary Judgment should be denied for the additional reason that it is premature. Importantly, summary judgment is typically appropriate only "after adequate time for discovery." *Celotex Corp. v. Cartett*, 477 U.S. 317, 322 (1986). Discovery has not yet commenced in large part because the operative pleading in this case remains unsettled; no pretrial schedule has been set. As a result, it is premature to rule on the merits of Husten's dispositive motion, providing a separate and independent basis for denying his Motion for Summary Judgment. *Cf. id.*

Likewise, Husten's Motion for a Temporary Restraining Order should also be denied for the additional reason that Husten's failure to cure the misjoinder of Defendants makes addressing the motion premature. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Here, the misjoinder of Defendants makes this showing unworkable. That is, there is no viable pleading upon which the Court can perform the requisite analysis, providing an independent basis for denying his Motion for a Temporary Restraining Order. *Cf. id.*

### III. RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED:**

1. Plaintiff Michael John Husten's ("Husten") Motion for Leave of the Court for Plaintiff to Amend His Operative Pleading Herein [Doc. No. 42] be **DENIED**;

2. Husten's Motion for Leave of the Court to File a Second Proposed Amended Complaint to Join 28 Defendants in One 1983 Civil Rights Lawsuit [Doc. No. 43] be **DENIED;**

3. Husten's Motion for Extension of Time [Doc. No. 46] be **DENIED**;

4. Motion for Summary Judgment or Partial Summary Judgment [Doc. No. 48] be **DENIED**;

5. Husten's Petition for a Temporary Restraining Order Against Defendants of the First Proposed Amended Complaint, and Accordingly of the Second Amended Complaint (Contigent) [Doc. No. 49] be **DENIED**; and

6. This case be **DISMISSED without prejudice** for failure to prosecute.


Dated: February 15, 2018         *s/Steven E. Rau*
                                 Steven E. Rau
                                 United States Magistrate Judge

### Notice

Filing Objections: This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).